IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs. No. 06-40010-01-SAC

LAVARES L. LYONS,

Defendant.

MEMORANDUM AND ORDER

Following a guilty plea to the single count of possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, the defendant Lavares Lyons was sentenced on August 17, 2006, to a three-year term of probation. On December 20, 2007, the court was petitioned for an arrest warrant on allegations that the defendant had violated the conditions of his probation by using marijuana in October of 2007 and by committing an attempted robbery on December 19, 2007. (Dk. 36). The defendant was arrested on the issued warrant, and he appeared initially before the magistrate judge who released the defendant with the additional condition of participation in a home confinement program that included electronic monitoring or other location verification system. (Dk. 39).

On February 4, 2008, an amended petition for an arrest warrant was filed that added another alleged violation of drug use based on a positive testing for marijuana and phencyclidine (PCP) on a specimen taken January 2, 2008, and the defendant's admission that he had used those illegal drugs on January 1, 2008. (Dk. 46). The defendant appeared before the magistrate judge on February 5, 2008. The magistrate judge found probable cause that the defendant had violated the conditions of his probation as to warrant a final revocation hearing. (Dk. 49). The magistrate judge also granted, over the defendant's objection, the government's motion for the defendant to be detained pending the final revocation hearing. *Id*.

The district court conducted the final revocation hearing on February 12, 2008. Because the defendant did not admit the violations alleged in the amended petition, the government presented the testimony of four witnesses following which the parties stipulated to the case being submitted on the evidence without further argument, oral or written. The court enters the following as its findings from the evidence[1] that the

[1]The court's determination of whether a defendant has violated the conditions of probation is subject to a preponderance of evidence standard. *United States v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003) (cited and followed in *United States v. Patton*, 118 Fed. Appx. 427, 430, 2004 WL 2823437 at *2 (10th Cir. 2004)).

defendant has violated the conditions of his probation as alleged.

The court finds it more likely than not that the defendant using a firearm attempted to rob Lawrence Cobler on December 19, 2007. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (a preponderance of evidence standard requires a finding of more likely than not). Mr. Cobler provided detailed and credible testimony of the attempted robbery that occurred just after 3:42 a.m. on December 19, 2007, when his taxi cab was dispatched to 3617 S.E. 7th Street in Topeka, Kansas. Mr. Cobler picked up the fare, a black male wearing a white hooded coat that covered his face and white pants. Mr. Cobler started driving toward the requested destination when the customer asked to return home as he had forgotten something. When the taxi returned to point of departure, the customer used a firearm and attempted to rob the driver. Mr. Cobler left the scene in his cab and radioed law enforcement describing the suspect as a black male who was wearing white pants and a white hooded coat and was approximately six feet tall and weighed between 150 and 200 pounds. Mr. Cobler specified the location of the attempted robber and the general area and direction where the suspect had fled. Officers promptly arrived in the area and began sweeping the area for the suspect.

Topeka Police Officer Sam Cartmill parked his patrol car one or two blocks south of the incident consistent with Mr. Cobler's description of the direction of the suspect's flight. The officer turned off the car's lights. A short time later, he observed a black male fitting the description walk around a parked black Suburban vehicle and then kneel down next to another car for several seconds. When the black male stood up and started walking away, Officer Cartmill put a stoplight on the suspect who then started walking faster. Officer Cartmill ordered the suspect to stop and get down on the ground. The suspect was not carrying a gun but did have an identification card with a residential address that matched the customer address given to Mr. Cobler by the taxi cab dispatcher. The suspect also was identified as the defendant in this case.

Less than one-half hour after the attempted robbery, Mr. Cobler was called to the scene of the arrest to determine if he could identify the defendant as the robber. Mr. Cobler saw the defendant wearing white pants but with his white hooded coat unzipped to his waist and a black T-shirt underneath the coat. He noticed the defendant also had facial hair. Because he had not previously seen the T-shirt or the facial hair, Mr. Cobler candidly told officers he could not be "one-hundred percent sure" but based

on the similarities in height, weight and clothing the arrested suspect appeared to be the same person who had attempted to rob him. In a post-arrest interview with Detective Richard Volle, the defendant denied committing the attempted robbery, offered that he no longer lived at the address appearing on his identification card, and explained that he had been at his cousin's house during the early morning hours. Detective Volle spoke with the cousin who confirmed the defendant's story.

Persuaded by the credible and reliable evidence establishing that the defendant was found no more than thirty minutes after the early morning robbery and within its immediate vicinity, that the defendant wore a white hooded coat and white pants like the robber, that the defendant was the same height and weight as the robber, that the defendant was carrying an identification card with an address that matched the customer's address given by the taxi cab dispatcher, and that the victim has identified the defendant as the apparent robber based upon the close resemblances in clothing, height and weight, the court finds it more likely than not that the defendant committed the attempted robbery on December 19, 2007, and that he possessed and used a firearm during this robbery attempt.

The evidence at the hearing also establishes that prior to

January 2, 2008, the defendant had used illegal controlled substances as confirmed by the positive drug tests. The defendant further admitted to his supervising officer that he had used marijuana/PCP on January 1, 2008. The positive drug test along with the defendant's admission of knowing and voluntary use of the drug leads the court to conclude the defendant possessed the controlled substance.

In light of the findings above that the defendant possessed a firearm and possessed a controlled substance, the court "shall revoke" the defendant's probation and "resentence the defendant under subchapter A [18 U.S.C. § 3551 *et seq.*] that includes a term of imprisonment." 18 U.S.C. § 3565(b).

IT IS THEREFORE ORDERED that by a preponderance of the evidence the court finds that the defendant has violated the conditions of his probation as alleged in the petition and as stated above and that probation is mandatorily revoked pursuant to 18 U.S.C. § 3565(b).

Dated this 13th day of February, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge